IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. KOWNACKI, *as Administrator* *of the* ESTATE OF JESSE R. KOWNACKI *and in his own right*, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No. 10-514 |
| v. ) ) ) | Judge Donetta W. Ambrose Magistrate Judge Cathy Bissoon |
| CSX RAILROAD, ) ) ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that, upon consideration of Defendant's Notice of Removal (Doc. 1), the above-captioned matter be remanded to the Court of Common Pleas of Beaver County, as discussed below.

### II.   REPORT

On April 22, 2010, Defendant removed the instant action from the Court of Common Pleas of Beaver County ("State Court") to this Court. (Doc. 1.) Plaintiff initiated his action in State Court on March 31, 2010, by filing a Writ of Summons. Id. at ¶ 1 & Def. Ex. A. No other pleadings were filed in State Court. Id. at ¶ 1. Defendant removed this action to this Court on the basis of diversity jurisdiction. Id. at ¶¶ 3-5.

An action may be remanded "at any time before final judgment" if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1446(c). The party seeking removal and asserting jurisdiction "bears the burden of proving that jurisdiction exists." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). The removal statutes "'are to be strictly

construed against removal and all doubts should be resolved in favor of remand.'" Id. (quoting Steel Valley Auth. v Union Switch Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Defendant's Notice of Removal is premised only on the Writ of Summons. The Writ, however, provides no information pertaining to the citizenship of the parties or the amount in controversy to allow this Court to satisfy itself that the fundamental requirements of diversity jurisdiction have been fulfilled. In fact, the Writ does not even set forth any information concerning the basis of the action or the claims that Plaintiff ultimately may assert against Defendant.[1] Defendant's assertions that diversity jurisdiction exists, therefore, are based on nothing but speculation. But this Court's very power to hear this matter cannot be based solely on defense counsel's guesswork. In short, the Writ fails to provide this Court with notice of, let alone any basis for asserting, subject matter jurisdiction. J.G. Wentworth S.S.C., L.P. v. Sherman, No. 04-0469, 2004 WL 2577591, at *2-3 (E.D. Pa. Oct. 19, 2004) (stating that "if defendant had removed this action prior to the filing of a complaint, all that would have accompanied the notice of removal to federal court would have been a writ of summons disclosing no basis for federal jurisdiction. Since the inquiry under § 1446(b) is confined to the four corners of the pleading, this court would have been obliged to grant a motion for remand."). This is particularly evident with respect to the amount-in-controversy requirement. Werwinski v. Ford Motor Co., 286 F.3d 661, 666 (3d Cir. 2002) (stating that a "district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed'") (quoting Steel Valley Auth., 809 F.2d at 1010)).

Moreover, although it is not necessary in Pennsylvania state court, a complaint is necessary to commence an action in this Court. See Fed. R. Civ. P. 3. The lack of a complaint

---

[1] The Writ provides a caption identifying the plaintiff and the defendant and identifies the attorney for the plaintiff. See Writ of Summons, attached as Ex. A to Doc. 7.

in this Court not only leaves the existence of subject matter jurisdiction in doubt, but more fundamentally, reveals the lack of a case or controversy under Article III.  Cf. Gervel v. L&J Talent, 805 F. Supp. 308, 309 (E.D. Pa. 1992) (observing that "[i]f a party were allowed to remove a Writ of Summons, we would be allowing the creation of a form of action that does not exist under the Federal Rules").  As it appears that subject matter jurisdiction is lacking, the Court recommends that this matter be remanded to State Court.

The Court further recommends remand on the basis that Defendant's removal was premature.  It is well-established that a writ of summons alone is not an initial pleading sufficient to trigger the period for seeking removal under 28 U.S.C. § 1446(b).  Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 233 (3d Cir. 2005).  Because Plaintiff has only filed a writ of summons to date, the time for removal has not yet been triggered.

For all of the reasons stated above, the Court recommends that this action be **REMANDED** to the Court of Common Pleas of Beaver County.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by May 27, 2010.  Responses to objections are due by June 10, 2010.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

May 13, 2010

cc (via email):

Michael P. Petro, Esq.
Anthony J. Rash, Esq.